## WILLIAM LA CROIX *vs.* INHABITANTS OF MEDWAY.

An action to recover of a town the damages assessed by county commissioners, on laying out a town way over the plaintiff's land, cannot be maintained, if it is commenced before the land is entered upon, and possession thereof taken, for the purpose of constructing the way, although the way is constructed before the action comes to trial. And on the trial of such action, thus commenced, the defendants may give evidence that the commissioners, by mistake, awarded damages to the plaintiff, not only for his own land, but also for the lands of others, to whom they awarded no damages; that those others have sought and obtained damages of the defendants, for the laying out of the way over their lands; and that the defendants have seasonably applied, though not until after the action was commenced, for a jury to reduce the damages awarded to the plaintiff.

When selectmen make application, in behalf of a town, for a jury to reduce the damages which have been awarded to an individual by county commissioners, who have laid out a town way over his land, it may be presumed, in the absence of evidence to the contrary, that they were authorized by the town to make such application

THIS was an action of debt, commenced on the 13th of August 1845, to recover $400, awarded to the plaintiff, by the county commissioners of Norfolk, as damages sustained by him by the laying out by said commissioners (after a refusal of the selectmen of Medway to lay it out) of a town road over his land.

At the trial in the court of common pleas, at December term 1845, before *Wells*, C. J. the defendants offered the following evidence, which was admitted, though objected to by the plaintiff :

1st. That the land taken for said road was only sixty one rods in length, and that fifty five rods more of land belonging to the heirs of Adam Bullard, and not to the plaintiff.

were taken for said road, and were included in the estimate of said $400, by said commissioners, and for which said heirs have had a jury, and have had their damages assessed upon said fifty five. rods. 2d. That at the date of the plaintiff's writ, his land had not been taken or entered upon for the purpose of making said road. 3d. That the selectmen of Medway, on the 18th of December 1845, at an adjourned term of the county commissioners, applied for a jury to reduce said $400 damages.

The defendants admitted that the plaintiff, according to an order of the county commissioners, had taken his fence from his said land, and had fenced out said road, and had demanded payment of the defendants, and been refused, prior to the date of his writ ; and that said land had been taken and the road made, prior to the said application of the selectmen to said commissioners for a jury to reduce said damages.

The judge ruled that the plaintiff could not maintain his action. The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*J. P. Bishop*, for the plaintiff.

*Lovering & Wilkinson*, for the defendants.

HUBBARD, J. We think this action was prematurely commenced, as the plaintiff commenced it before his land had been entered upon and possession thereof taken for the purpose of making the road. Though damages may be assessed within one year from the laying out of a way, (Rev. Sts. *c.* 24, § 76,) yet payment cannot lawfully be demanded, until the land, over which the way is located by the county commissioners, is entered upon and possession taken for the purpose of constructing the way. See *St.* 1842, *c.* 86, § 1, and the case of *Harding* v. *Inhabitants of Medway*, 10 Met. 465.

The town was a party to the proceedings, and was aggrieved at the amount of the damages assessed, and had a right, by the Rev. Sts. *c.* 24, § 13, to the verdict of a jury in the estimation. of damages. *Inhabitants of Lanesborough* v. *County Commissioners of Berkshire*, 22 Pick. 278. *Baker* v *Thayer*, 3 Met. 312. The town seasonably applied to the

county commissioners for a jury. And it was admitted by the plaintiff's counsel, at the argument, that the commissioners issued a warrant for a jury; that a jury, by their verdict, reduced the damages; and that their verdict was accepted by the court of common pleas. The former proceedings were therefore annulled, and the plaintiff's right to the damages awarded by the commissioners was taken away.

The authority of the selectmen to act for the town, in applying for a jury to reduce the damages, may be presumed, in the absence of all evidence to the contrary. Their authority was not questioned at the trial. If it had been, the defendants might, perhaps, have shown it. In the case of *Baker* v. *Thayer*, now cited by the plaintiff's counsel to show that selectmen have no such authority, it was expressly agreed by the parties that the selectmen " were not authorized by the town to petition for a jury."

The evidence, upon which the questions were raised in this case, we think, was rightly admitted.

*Exceptions overruled.*